FILED
February 27, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VICENTA SANCHEZ MONTIEL, A# 249 088 998, By Next Friend SOL CHIQUINQUIRA BOSCAN SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, Dilley Immigration Processing Center, ET AL., <br><br> Respondents. | § § § § § § § § § § § § § § § <br><br> SA-26-CV-00575-OLG |

## ORDER OF DISMISSAL

Before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Sol Chiquinquira Boscan Sanchez as "next friend" on behalf of Vicenta Sanchez Montiel. (Dkt. No. 1). Montiel is currently detained at the Dilley Immigration Processing Center. (*Id.*). Upon review, the Court orders the Petition **DISMISSED WITHOUT PREJUDICE.** (*Id.*).

The § 2241 Petition, which seeks Montiel's release from detention, was filed on her behalf by Sanchez, Montiel's daughter, as "next friend." (*Id.*). Upon review, it appeared Sanchez lacked standing to initiate this action on behalf of Montiel. *See Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990) (holding next–friend standing available only when "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability."). Moreover, as a non–attorney, Sanchez could not act on behalf of Montiel even if she could demonstrate standing. *See* 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."); *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (holding that a party can represent herself or be represented by counsel but cannot be represented by

nonlawyer) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)). The mandate of § 1654 applies even in the next–friend context. *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter.").

Based on the foregoing, the Court found Montiel may represent herself in this matter, but she may not be represented by Sanchez, a non–attorney; rather, Montiel must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021. Accordingly, the Court rendered a Show Cause Order mandating that Sanchez show cause why this matter should not be dismissed. (Dkt. No. 3). Sanchez has not filed a response to the Court's Show Cause Order.[1]

The Court finds there is no viable legal basis for Sanchez to act as next friend in this matter. *See Whitmore*, 495 U.S. at 165. Moreover, even if she had been able to demonstrate next–friend standing, she is not an attorney. Thus, her representation of Montiel in this Court is statutorily precluded. *See* 28 U.S.C. § 1654. Accordingly, the Court finds the current Petition is subject to dismissal without prejudice to the refiling of a *pro se* petition by Montiel or the refiling of a petition by counsel on behalf of Montiel.

---

[1] When the Court searched for Montiel using the publicly–available U.S. Immigration and Customs Enforcement detainee locator website, no records were returned. *See* search (last visited February 24, 2026). This usually indicates that the detainee has been removed or otherwise released from custody. Montiel's removal or release could be the reason no response has been filed. If Montiel has been removed or otherwise released, her Petition would be moot, providing an alternate basis for the Court's dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention).

Furthermore, in addition to ordering Sanchez to show cause, the Court ordered Montiel to either pay the filing fee or file an application to proceed *in forma pauperis*. (Dkt. No. 3). Montiel failed to either pay the fee or file the application. This failure is another basis for dismissal. *See* FED. R. CIV. P. 41(b).

IT IS THEREFORE ORDERED that the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Sol Chiquinquira Boscan Sanchez as "next friend" on behalf of Vicenta Sanchez Montiel (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** to the refiling of a *pro se* petition by Vicenta Sanchez Montiel or the refiling of a petition by counsel on behalf of Vicenta Sanchez Montiel.

It is **SO ORDERED**.

SIGNED this 27 of February, 2026.

_____
ORLANDO L. GARCIA
United States District Judge